UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

CG7285

KEIRON MONTGOMERY,

        Plaintiff,

    -against-

THE CITY OF NEW YORK, DET. GUILLERMO GIL, U.C. #345 and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

        Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**07 CV 2274 (SAS)**

    Plaintiff, KEIRON MONTGOMERY, by his attorneys, MYERS & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, DET. GUILLERMO GIL, U.C. #345 and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, an African American male, was a resident of New York County, New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants DET. GUILLERMO GIL, U.C. #345 and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police

Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On December 27, 2006, at approximately 6:05 p.m., Plaintiff KEIRON MONTGOMERY exited his apartment building located at 241 West 101st Street, New York, New York.

12. As Plaintiff was walking up the street, Defendant Police Officers ran up behind Plaintiff and ordered him at gunpoint to "freeze".

13. The Police Officers then forcibly placed Plaintiff in custody and searched his entire person, including his mouth.

14. Plaintiff demanded to know why he was being stopped, but at the time the Officers could or would not tell him.

15. The Police Officers later accused Plaintiff of participating in a drug with a separately charged individual in or about the area where he was arrested.

16. Plaintiff, a 29 year-old man, was not in possession of any drugs or so-called "marked money".

17. Plaintiff told the Police Officers that they were mistaken; that he didn't have any drugs and had not sold any drugs.

18. Nevertheless, the Police Officers unlawfully and without probable cause placed Plaintiff under arrest in front of members of his community.

19. The Police Officers then handcuffed Plaintiff and transported him to the Narcotics Boro Manhattan North Precinct of the NYPD, where he was strip-searched and processed for arraignment.

20. At the Precinct, the Police Officers filled out false police reports and provided false and misleading information to the Prosecution which implicated Plaintiff in the commission of a crime.

21. Plaintiff was charged with Criminal Sale of a Controlled Substance in the Third Degree, P.L. 220.39, for allegedly assisting another individual in the sale of drugs to an undercover police officer.

22. On December 28, 2006, Plaintiff was arraigned in Criminal Court, New York County and bail was set. Plaintiff remained in custody.

23. On January 2, 2007, the Defendant Police Officers testified before the Grand Jury and provided false and misleading information to the grand jurors regarding Plaintiff's arrest.

24. On that same date, Plaintiff KEIRON MONTGOMERY appeared and testified before the Grand Jury on his own behalf in defense of the false charges against him.

25. The Grand Jury, having heard the testimony, determined that there were insufficient grounds to arrest Plaintiff and dismissed the charges against him in their entirety.

26. On January 2, 2007, notwithstanding the Defendants' unlawful conduct, all charges against Plaintiff were dismissed and sealed.

27. Prior to his release, Plaintiff spent seven (7) days in custody.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

28. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 27 with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

30. All of the aforementioned acts deprived Plaintiff, KEIRON MONTGOMERY, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

34. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

35. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

36. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF: FALSE AREST UNDER 42 U.S.C 1983

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. As a result of Defendants' aforementioned conduct, Plaintiff, KEIRON MONTGOMERY, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

39. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

40. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace.  Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

41. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 40 with the same force and effect as if fully set forth herein.

42. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

43. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

44. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

46. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

47. The criminal proceedings were terminated in favor of Plaintiff on or about January 2, 2007, when the charges against him were dismissed and sealed.

## FIFTH CLAIM FOR RELIEF: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 47 with the same force and effect as if fully set forth herein.

49. Defendants issued legal process to place Plaintiff under arrest.

50. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

51. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

52. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 51 with the same force and effect as if fully set forth herein.

53. Defendants DET. GUILLERMO GIL, U.C. #345 and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested KEIRON MONTGOMERY despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

54. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

56. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

57. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff KEIRON MONTGOMERY.

58. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff KEIRON MONTGOMERY as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff KEIRON MONTGOMERY as alleged herein.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff KEIRON MONTGOMERY.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

62. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

63. All of the foregoing acts by Defendants deprived Plaintiff KEIRON MONTGOMERY of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. Not to have cruel and unusual punishment imposed upon him; and

    f. To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:    New York, New York
               March 15, 2007

                                      Respectfully submitted,

                                      _____
                                      Christopher D. Galiardo (CG7285)

                                      MYERS & GALIARDO, LLP
                                      *Attorneys for Plaintiff*
                                      122 East 42nd Street, Suite 2710
                                      New York, New York 10168
                                      (212) 986-5900